Chicago Title and Trust Company, Appellee, v. Flora B. Colby, Executrix, et al., Appellees. John S. Smith, Conservator of Clark C. Rolfe, Defendant, Appellant.

Gen. No. 39,906.

Heard in the first division of this court for the first district at the December term, 1937. Opinion filed October 31, 1938.

CHARLES H. MITCHELL and FRANKEL & FRANKEL, both of Chicago, for appellant.

WEIGHTSTILL WOODS, of Chicago, for certain appellee.

WEISSENBACH, HARTMAN, CRAIG & OKIN, HAROLD L. REEVE and CHARLES F. GRIMES, all of Chicago, for certain other appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is a foreclosure proceeding which was referred to a master whose report favored plaintiff and a decree was entered accordingly, from which John S. Smith, administrator, appeals.

The theory of the defense is that M. E. Greenebaum, the trustee in a prior trust deed, failed to enforce the provisions of a deed in trust from Lucy Rolfe, the original mortgagor, conveying the premises to one of her sons, Frederick H. Rolfe, directing him to apply a certain amount of the income to the payment of the mortgage debt secured by the Greenebaum trust deed.

Chicago Title and Trust Company, the present plaintiff, is not the trustee in the deed sought to be foreclosed but, as trustee in an active trust, is the owner of the indebtedness secured by the trust deed in question, which runs to the Central Trust Company as trustee.

The facts are a complete answer to the defense of Smith as administrator, and it is necessary to narrate them at some length.

In 1899 Lucy Rolfe owned the property in question and had executed her trust deed conveying it to M. E. Greenebaum, trustee, to secure a note for $30,000; this note was extended from time to time and up to May, 1929, had been reduced to $22,500. Lucy Rolfe was the mother of two sons, Frederick H. and Clark C. Rolfe, and on October 10, 1902, she conveyed this property to her son Frederick, subject to the trust deed made in 1899 by her to Greenebaum, trustee; her deed conveyed to Frederick H. Rolfe an undivided half of the real estate in fee; the other undivided half was conveyed to him in trust with certain conditions. The deed in trust gave Frederick Rolfe, as trustee, full power to mortgage the entire property, pay existing liens, with "power to execute trust deeds and mortgages, to renew incumbrances upon said property in such amounts and upon such terms as he shall see fit," with discretion also to sell and convey the property or any part thereof; that he also should reserve as a sinking fund at least 50 per cent, and in his discretion 75 per cent of the net income of the property to pay off the existing incumbrance, "to the end that said property shall ultimately be free from any incumbrance," the remaining rents and income to be paid monthly to her son Clark C. Rolfe. Shortly after executing this deed in trust Lucy Rolfe died.

In May, 1904, the $30,000 note matured and it was extended for five years, signed by Frederick H. Rolfe individually and as trustee and by Clark C. Rolfe, and by Greenebaum Sons as agents of Clara Owsley, owner of the mortgage note; in 1909 the mortgage debt was reduced by payment of $2,500, and payment of the balance, $27,500, was extended to May, 1912, by an extension agreement signed by Clark C. Rolfe and Frederick Rolfe, individually and as trustee. In May, 1912, and May, 1921, the mortgage debt was again reduced by payments of $2,500 and the balance ex-

tended to 1924, and again to 1929; when it matured in May, 1929, Clara Owsley was still the owner of the mortgage indebtedness.

At this time Frederick Rolfe applied to the Greenebaums for a five-year $20,000 first mortgage loan on the premises in question to take up the incumbrance of $22,500 due in May, 1929; Greenebaum Sons paid the old loan in full, using the proceeds of the new loan of $20,000 plus $2,500 advanced by Frederick Rolfe; he signed the new note for $20,000 individually and as trustee, and a trust deed to the Central Trust Company of Illinois, trustee, conveying the premises in question. Clara Owsley became the owner of the new mortgage. This is the trust deed being foreclosed.

In May, 1932, Clark C. Rolfe was declared insane and in February, 1933, both Frederick H. Rolfe and his brother Clark C. died. Clark C. Rolfe left no heirs; Frederick left two children, Flora B. Colby and Howard W. Rolfe; John Smith was appointed administrator of the estate of Clark Rolfe; the present complaint to foreclose was filed February 7, 1935.

The master's report sets forth substantially the foregoing statement of facts and they are embodied in the decree. No objections were filed to the master's findings of fact.

Plaintiff first suggests that the appeal of John Smith, administrator, be dismissed on the ground that his brief and argument filed in this court do not comply with Rule 7 of this court and do not present the issues clearly. We are in sympathy with this suggestion. Apparently no effort has been made by counsel for defendant Smith to comply with Rule 7. However, as we understand counsel for plaintiff, they wish to have the case considered on its merits, and the motion to dismiss the appeal because of the insufficiency of the brief was withdrawn.

The argument of Smith is that M. E. Greenebaum, trustee in the mortgage debt of 1899, was the agent

of Lucy Rolfe as well as of the owner of the mortgage, and that being a professional fiduciary it was his duty to see that Frederick Rolfe, trustee, applied the amounts designated in the Lucy Rolfe deed of trust to the extinguishment of the mortgage debt. The charge is made that Frederick Rolfe, trustee, misapplied income of the property which should have been used to pay the mortgage debt; that the Greenebaums, agents of Clara Owsley, owner, knew of this breach of trust and should have taken some action to compel the trustee to perform his duties. It is an extreme claim that the mortgagee in a situation like this incurs the peril of losing her lien if it appears from an audit of the trustee's account that her mortgage debt should have been paid by the trustee.

However, there are a number of sufficient answers to defendant's claims. There is no evidence in the record that Frederick Rolfe, trustee, misapplied trust funds. All evidence offered by defendant tending to show this was excluded by the master and this ruling was sustained by the chancellor. No evidence was offered tending to show that Greenebaum Sons knew that Frederick Rolfe, trustee, was not properly performing his duties.

The mortgage debt which defendant says should have been paid by Frederick Rolfe, trustee under the terms of the Lucy Rolfe trust, was created in 1899, three years before the conveyance by Lucy Rolfe to Frederick Rolfe, trustee, and in 1929 a balance of $22,500 of this mortgage debt still continued as a lien. The new loan, secured by a trust deed to the Central Trust Company as trustee, was merely a substitution of a new note and trust deed for the old one, which was still owned by Clara Owsley.

M. E. Greenebaum was not a party to the deed in trust from Lucy Rolfe to Frederick Rolfe, made in 1902, and hence owed no duty to see that Frederick Rolfe carried out the terms of the trust. Defendant

cites no cases involving similar circumstances. It is undoubtedly true, as held in *Williamson v. Stone,* 128 Ill. 129, that a trustee in a trust deed made to secure payment of a debt must act impartially as between the two parties, and that this is the general rule has been held in many cases. But we find no case which holds that the trustee under such circumstances may go outside his obligations to the mortgagor and the mortgagee and compel a trustee in a document to which he is not a party to perform his duties.

Clark C. Rolfe was not declared insane until 1932, some three years after the making of the instant trust deed and note. Presumably up to that time he was competent to compel his trustee, Frederick Rolfe, to perform all his duties under the Lucy Rolfe trust.

There is no merit in the contention that Greenebaum Sons had no right to extend the time of payment of the 1899 note. The debt was being slowly reduced—from $30,000 to $20,000; the alternative to refusal to extend was foreclosure, which would certainly not be to the interest of the mortgagor.

There is merit in the point made by counsel for plaintiff that John S. Smith, as administrator of the estate of Clark C. Rolfe, deceased, has no interest either in the premises involved or in the rents. The Lucy Rolfe trust contained a provision that at the death of Clark C. Rolfe his trust estate should cease and the undivided half of the property so conveyed in trust for his benefit should vest in his heirs, and in default of such heirs should descend to the living heirs of Frederick Rolfe. In February, 1933, Clark Rolfe died, leaving no heirs; the trust then terminated and title to the half interest passed to the living chidren of Frederick Rolfe—Flora B. Colby and Howard W. Rolfe, defendants here. Since Clark Rolfe's death his estate has no interest in the real estate in question.

The master properly excluded any evidence as to rents collected since 1933, and the present owners, Flora B. Colby and Howard W. Rolfe, apparently are in accord with this ruling. We fail to see what interest Smith, administrator of Clark Rolfe's estate, has at present in the property. As the death of Clark Rolfe terminated his interest, what interest could his administrator have? He may have a claim against the estate of Frederick Rolfe, and we are told he has filed such a claim, but this has no connection with or relation to this foreclosure proceeding.

There is no merit in the defense by John S. Smith, administrator of the estate of Clarke C. Rolfe, deceased.

Mr. Weightstill Woods has filed in this court a brief for Flora B. Colby, whom he described as appellee and cross appellant. Her standing in this court is somewhat doubtful, but assuming that she is here in the capacity indicated we have considered the points made by her. She first says that the remainder in fee to Flora B. Colby and Howard W. Rolfe, the children of Frederick Rolfe, vested in interest when Lucy Rolfe executed her deed in trust dated October 10 and recorded November 5, 1902, and vested in possession at the death of Frederick H. Rolfe February 24, 1933. Inspection of the Lucy Rolfe deed in trust negatives this. Frederick was given full power to mortgage the property, pay existing liens, interest upon incumbrances or any renewals, execute trust deeds, renew incumbrances, or to sell or convey the property or any part thereof, the proceeds to be held in trust. As is said in Perry on Trusts and Trustees, 7th ed., vol. 1, pages 550–551: "to do any or all these acts requires a legal fee." See also *Lord v. Comstock,* 240 Ill. 492, 502, and cases there cited. Lucy Rolfe clearly intended Frederick to have a legal fee. It is therefore unimportant to de-

termine when title vested in Flora B. Colby and her brother Howard.

However, there can be no doubt that the remainders created by the deed in trust were contingent and did not vest until the death of Clarke Rolfe. The deed in trust in clear language states that upon the death of Clark the trust estate shall cease and the undivided half theretofore held in trust should vest in his heirs, and in default of such heirs in the living heirs of Frederick Rolfe. The remainder could not vest until it was determined in whom it should vest, whether heirs of Clark Rolfe or of Frederick, or in such heirs of Frederick as were living. Such remainders were contingent and the children of Frederick Rolfe had no vested interest prior to Clark's death.

The above considerations also answer the point that the instant note and trust deed were the personal debt of Frederick H. Rolfe because, it is said, nothing contained in the note and trust deed identified them with the Lucy Rolfe trust. The trust deed being foreclosed recites that it is executed by Frederick H. Rolfe individually and as trustee under the Lucy Rolfe trust, describing it with particularity.

Other points are made by counsel for Flora B. Colby which present no substantial reasons calling for a reversal of the decree.

The case is an ordinary foreclosure proceeding. The ingenuity of astute counsel has made somewhat obfuscated what would otherwise be a clear and ordinary record.

No reasons are presented requiring a reversal and the decree is affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.